The Honorable Shawn Womack State Senator P.O. Box 332 Mountain Home, AR 72654
Dear Senator Womack:
You have presented the following questions for my opinion:
 (1) Does A.C.A. § 14-14-904(d) mean that the presiding officer is to appoint committees by name (e.g., Budget, Personnel, Public Safety), or does it mean that the presiding officer is to appoint the members who will serve on the committees, or does it mean both?
 (2) If only the presiding officer has the authority to decide which committees to form, does this contradict A.C.A. § 14-14-801(a)(b)(12)(13)?
 (3) If only the presiding officer has the authority to decide which committees to form, and he declines to form a committee that the quorum court believes is needed, does the law provide any way for the quorum court to circumvent the presiding officer and establish its own committees to conduct the affairs of the county as provided for in A.C.A. § 14-14-801(a)(b)(12)(13)?
 (4) Can a quorum court pass an ordinance stating that a committee member appointed by the presiding officer will serve on the committee for the length of his term as a member of the quorum court?
RESPONSE
Question 1 — Does A.C.A. § 14-14-904(d) mean that the presiding officeris to appoint committees by name (e.g., Budget, Personnel, PublicSafety), or does it mean that the presiding officer is to appoint themembers who will serve on the committees, or does it mean both?
As an initial matter, I must point out, as have two of my predecessors, that the statute is not entirely clear on this issue. See Ops. Att'y Gen. Nos. 2001-117; 95-084. Indeed, legislative clarification of this issue is warranted. Pending such clarification, it is my opinion that A.C.A. § 14-14-904(d) grants the presiding officer (the county judge) the authority to appoint the members who will serve on committees, but does not grant the presiding officer (the county judge) the authority to decide which committees are to be formed.
A.C.A. § 14-14-904(d) states:
 (d) PRESIDING OFFICER. The county judge shall preside over the quorum court without a vote but with the power of veto. In the absence of the county judge, a quorum of the justices by majority vote shall elect one (1) of their number to preside but without the power to veto. The presiding officer shall appoint all regular and special committees of a quorum court, subject to any procedural rules which may be adopted by ordinance.
A.C.A. § 14-14-904(d) (emphasis added).
I interpret the term "appoint" as used in the above-quoted provision to mean the designation of the individuals who will serve on committees. I do not interpret the term "appoint" as used therein to refer to the authority to decide which committees are to be formed. I base this conclusion upon the rules of statutory interpretation, upon the construction of the word "appoint" that has been employed by the courts of other jurisdictions, and upon the broad authority that is granted to quorum courts to administer county affairs, as discussed more fully below.
I note that the term "appoint" is not defined in A.C.A. § 14-14-904. Accordingly, under the Arkansas Supreme Court's principles of statutory interpretation, it is appropriate to give the term its ordinary meaning in common usage. Arkansas Dept. of Environ. Qual. v. Brighton Corp.,
02-321 (Ark. 4-3-2003). The dictionary provides a reliable source for determining a term's ordinary meaning in common usage. The MSN Encarta Dictionary defines the term "appoint" as follows: "1. select somebody for position or job: to select a person or a group of people for an official position or to do a particular job." A similar definition is stated in Corpus Juris Secundum:
 The word "appoint" is defined as meaning to allot, set apart, or designate; to choose or select; to nominate or authoritatively assign. It ordinarily means to designate some person to occupy an office or perform some function; to constitute, fix, ordain, prescribe, or settle; also to assign authority to a particular use, task, or position; or to exercise authority to place in office.
6 C.J.S. 100-101 (1975) (emphasis added).
The Arkansas Supreme Court has never construed the term "appoint," as used in A.C.A. § 14-14-904(d), nor has the court ever provided a general definition of the term. However, the courts of other jurisdictions have construed the term. For example, in Mosley v. Nevada Com'n on JudicialDiscipline, 22 P.3d 655 (Nev., 2001), the Nevada Supreme Court stated: "`Appoint' means `to assign, designate, or set apart.'" Id. at 662, citing Webster's Third New International Dictionary at 105 (1968). Similarly, in Gillespie v. San Francisco Public Library Com.,67 Cal. App 4th 1165, 79 Cal. Rptr.2d 649 (1998), the California court stated: "In its ordinary usage, `appoint' means `to name officially,' in this context to an office, post or service. Id. at 1174, citing Webster's New Collegiate Dictionary at 55 (8th ed. 1977). Finally, in Daub v. Coupe,193 N.Y.S.2d 47 (1959), the New York court said: "To appoint is to designate or assign to a position." Id. at 52.
All of the foregoing definitions of the term "appoint," cited from the dictionary, from C.J.S.2d, and from case law, seem to contemplate that the term refers primarily to a designation of individuals to fill prescribed positions. In my opinion, these definitions reflect the ordinary meaning of the term "appoint" in common usage. For this reason, I interpret the term as used in A.C.A. § 14-14-904(d) to refer to the designation of individuals who are to serve on committees, and not to the determination of which committees are to be formed.
In my opinion, the determination of which committees are to be formed is the responsibility of the quorum court rather than of the county judge. I base this conclusion on several provisions of law. First, Amendment 55, § 1 of the Arkansas Constitution states: "A county acting through its Quorum Court may exercise local legislative authority not denied by the Constitution or by law." In addition, A.C.A. § 14-14-801 states in pertinent part:
 (a) As provided by Arkansas Constitution, Amendment 55, Section 1, Part (a), a county government, acting through its county quorum court, may exercise local legislative authority not expressly prohibited by the Arkansas Constitution or by law for the affairs of the county.
(b) These powers include, but are not limited to, the power to:
* * *
 (12) Provide for its own organization and management of its affairs; and
 (13) Exercise other powers, not inconsistent with law, necessary for effective administration of authorized services and functions.
A.C.A. § 14-14-801(a) and (b)(12) and (13).
In my opinion, the broad grant of power to the quorum court, as stated in the above-quoted provisions must of necessity include the authority to determine which committees will be necessary to the effective administration and management of county affairs. Otherwise, the quorum court would be crippled in its ability to carry out its legal function. Moreover, it is my opinion that as a policy matter, the authority to determine which committees are necessary to the administration and management of county affairs should not be concentrated in the hands of one county official; a consideration of various viewpoints on the matter will result in a more effective and representative determination.
I believe that my conclusion is bolstered by the fact that the county judge is separately empowered to choose committees for the administration of his own office. See A.C.A. § 14-14-703(a)(1). Reason dictates that the quorum court should have the same authority to determine the committees that are necessary for the quorum court to carry out its own functions. Moreover, such authority is not denied by law. See Ark. Const., Am. 55, § 1; A.C.A. § 14-14-801(a).
For these reasons, I conclude that A.C.A. § 14-14-904(d) grants the presiding officer (county judge) the authority to appoint the members who will serve on committees, but does not grant the presiding officer the authority to decide which committees to form.
I must note that in reaching this conclusion, I am taking a position that conflicts with the views of some of my predecessors. See Ops. Att'y Gen. Nos. 2001-117; 95-084.[1] Nevertheless, I believe that the position I have taken is based upon reasoning that is more consistent with the applicable principles of statutory construction and with prevailing principles of county government.
Question 2 — If only the presiding officer has the authority to decidewhich committees to form, does this contradict A.C.A. §14-14-801(a)(b)(12)(13)?
Because I have opined in response to Question 1 that the quorum court rather than the presiding officer (county judge) has the authority to determine which committees to form, this question is moot.
Question 3 — If only the presiding officer has the authority to decidewhich committees to form, and he declines to form a committee that thequorum court believes is needed, does the law provide any way for thequorum court to circumvent the presiding officer and establish its owncommittees to conduct the affairs of the county as provided for inA.C.A. § 14-14-801(a)(b)(12)(13)?
Because I have opined in response to Question 1 that the quorum court rather than the presiding officer (county judge) has the authority to determine which committees to form, this question is moot.
Question 4 — Can a quorum court pass an ordinance stating that acommittee member appointed by the presiding officer will serve on thecommittee for the length of his term as a member of the quorum court?
It is my opinion that the quorum court can pass an ordinance establishing the term lengths of committee members, provided that it does not establish term lengths that extend into the term of a succeeding county judge.
In my opinion, an ordinance establishing the term lengths of committee members falls within the grant of authority to the quorum court to enact procedural rules for committees. See A.C.A. § 14-14-904(d). However, the quorum court cannot encroach upon the power of the presiding officer (the county judge) to make appointments. If the quorum court established a term length for committee members that extended into a succeeding county judge's term of office, it would have encroached upon that succeeding county judge's power to appoint committee members. See Ops. Att'y Gen. Nos. 2003-039; 2001-117; 95-084.
Accordingly, I conclude that the quorum court can pass an ordinance establishing the term lengths of committee members, provided that it does not establish term lengths that extend into the term of a succeeding county judge.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] However, it should be noted that I agree with the conclusion stated in those opinions that the quorum court cannot make procedural rules that would require the county judge to make appointments to committees from certain areas of the county. See also Op. Att'y Gen. No. 2003-039.